Cite as 2020 Ark. 9

# SUPREME COURT OF ARKANSAS
No. CR-18-962

| | |
|---|---|
| KENNETH HINTON<br><br>                    PETITIONER<br><br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>                    RESPONDENT | **Opinion Delivered:** January 9, 2020<br><br><br>PRO SE MOTION FOR COPY OF PETITIONER'S BRIEF ON APPEAL [LINCOLN COUNTY CIRCUIT COURT, NO. 40CR-13-13]<br><br><br><br>RESPONSE ORDERED. |

**SHAWN A. WOMACK, Associate Justice**

Petitioner Kenneth Hinton sought and was denied postconviction relief in the trial court where he was convicted of one count of first-degree battery and one count of second-degree battery, and this court affirmed. *Hinton v. State*, 2019 Ark. 136, 572 S.W.3d 381. Hinton was represented by counsel on appeal, and he filed a pro se motion in this court in which he seeks copies of the appellant's brief, "the State's response," and the record. Hinton included a certificate of service indicating that he served his attorney, William P. Luppen, with a copy of the motion on October 10, 2019. To date, Luppen has filed no response.

Pursuant to the requirements of Arkansas Rule of Appellate Procedure–Criminal 19 (2019), Hinton states in the motion that he requested the documents from Luppen and that Luppen declined to provide him with those copies. Ark. R. App. P.–Crim. 19(a) (requiring that a convicted offender who seeks a copy of the briefs and record on appeal at public expense must file a motion in this court indicating a request for the documents was made

to counsel and counsel did not provide the documents). Under Rule 19(b) the attorney who has been served with a copy of the motion is required to respond within twenty days of service. The twentieth day from the date of service indicated in the certificate of service was October 30, 2019. Having been properly served with the motion, Luppen must respond, even if he believes the motion has no merit, as Rule 19 makes counsel's response mandatory. *McCulley v. State*, 2018 Ark. 76.

Accordingly, this court directs attorney William P. Luppen to file the response required by Rule 19 stating (1) whether he has the requested copy in his possession; (2) if so, whether the copy is on paper or in some other format; (3) if he has a copy, whether that copy has been provided to Hinton. *See* Ark. R. App. P.–Crim. 19(b). If Luppen's response states that he has a copy of the transcript in his possession, but he has not provided it to Hinton, then the response must also either commit to provide the requested transcript or state good cause for the failure to do so. *See* Ark. R. App. P. Crim.–19. Luppen's response must be received within ten days of this opinion.

Response ordered.